NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HOWARD PARKS, | : | **Hon. Dennis M. Cavanaugh** |
| | : | |
| Petitioner, | : | Civil Action No. 08-2275 (DMC) |
| | : | |
| v. | : | |
| | : | |
| B.A. BLEDSOE, et al., | : | **O P I N I O N** |
| | : | |
| Respondents. | : | |

APPEARANCES:

> HOWARD PARKS, #22899-050
> United States Penitentiary Canaan
> P.O. Box 300
> Waymart, PA 18472
> Petitioner Pro Se

> SARA B. LIEBMAN, Assistant Prosecutor
> THEODORE J. ROMANKOW, UNION COUNTY PROSECUTOR
> 32 Rahway Avenue
> Elizabeth, New Jersey 07202-2115
> Attorneys for Respondents

CAVANAUGH, District Judge

Howard Parks ("Petitioner"), who is in federal custody and serving a federal sentence[1],

filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, challenging a

judgment of conviction entered in the Superior Court of New Jersey, Union County, on January

18, 2002, after a jury found Petitioner guilty of first degree armed robbery, in violation of N.J.

STAT. ANN. § 2C:15-1.  Respondents filed an Answer seeking dismissal of the Petition on the

---

[1] Petitioner's projected release date on his federal sentence is January 28, 2011.  See
Inmate Locator, Federal Bureau of Prisons, http://www.bop.gov/iloc2/Inmate
FinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=2289
9-050&x=71&y=17 (last accessed Oct. 16, 2009).

merits and Petitioner filed a Reply. In response to this Court's Order for a supplemental answer and record, Respondents informed the Court that Petitioner, whose sentence was vacated on direct appeal by the New Jersey Supreme Court in 2007, has not been resentenced. For the reasons expressed below, this Court will dismiss the Petition as premature and deny a certificate of appealability.

## I. BACKGROUND

Petitioner's two-month crime spree began on December 13, 1999, when he committed armed robbery at a Hilton Hotel in Union County, New Jersey. See State v. Parks, 192 N.J. 483, 484 (2007). On December 28, 1999, he committed the federal crime of bank robbery in New Jersey. See United States v. Parks, Crim. No. 00-0550 (JEI) (D.N.J. filed Aug. 18, 2000). During this period, Petitioner also committed kidnaping and other crimes for which he was indicted in Essex County, New Jersey. See State v. Parks, Docket No. A-2664-05T2 slip op. at 2 (N.J. Super. Ct., App. Div., Jan. 26, 2007). Petitioner was arrested on the federal bank robbery charge on December 28, 1999. On August 18, 2000, he pled guilty to the federal charge before Judge Irenas, and by judgment entered on December 7, 2000, Judge Irenas sentenced him to a 151-month term, which he is currently serving. On January 17, 2001, Petitioner pled guilty in Essex County, and on April 24, 2001, he was sentenced on those charges to a 12-year term to be served concurrently with the federal sentence. Id.

On October 5, 2001, based on the armed robbery of the Hilton Hotel on December 13, 1999, a grand jury in Union County, New Jersey, indicted Petitioner on charges of first-degree robbery, third-degree unlawful possession of a weapon, and second-degree possession of a weapon for unlawful purposes. After a trial, a jury found Petitioner guilty of first-degree

2

robbery, in violation of N.J. STAT. ANN. § 2C:15-1.  By judgment of conviction entered on

January 18, 2002, Superior Court Judge John F. Malone sentenced Petitioner to a term of life in

prison without the possibility of parole, pursuant to the Three Strikes law in effect at the time.

See State v. Parks, 192 N.J. at 484-85.  Petitioner appealed the conviction and sentence.[2]  In an

opinion filed November 24, 2003, the Appellate Division of the New Jersey Superior Court

affirmed the conviction but reversed and remanded for resentencing on the ground that the

sentencing judge failed to make the required determination that the federal conviction constituted

a "strike."  See State v. Parks, Docket No. A-3294-01T4 slip op. (N.J. Super. Ct., App. Div.,

Nov. 24, 2003).  On February 13, 2004, the New Jersey Supreme Court denied certification.  See

State v. Parks, 179 N.J. 311 (2004) (table).

On April 29, 2004, on remand, the Law Division determined that Petitioner's federal

conviction counted as a strike under New Jersey's Three Strikes Law, and again imposed a life

sentence.[3]  Petitioner appealed, and in an opinion filed May 18, 2006, the Appellate Division

affirmed the judgment.  See State v. Parks, Docket No. A-0336-04T2 slip op. (N.J. Super. Ct.,

App. Div., May 18, 2006).  On October 25, 2007, the New Jersey Supreme Court vacated the

judgment, holding that the Three Strikes Law in effect at the time of sentencing did not apply

because Petitioner committed the two predicate crimes after the offense at issue.  See Parks, 192

---

[2] While his appeal was pending, on April 23, 2003, the New Jersey Legislature amended
the Three Strikes Law.  See State v. Parks, 192 N.J. at 485.

[3] On May 21, 2004, Petitioner filed a motion in the Law Division to vacate the judgment
of conviction, arguing that the finding that the federal bank robbery conviction was substantially
equivalent to the New Jersey crime of first-degree armed robbery should have been made by a
jury.  On August 24, 2004, the Law Division denied the motion.

N.J. at 484. The New Jersey Supreme Court remanded. Id. To date, Petitioner has not been sentenced. (Docket entry #16.)

On approximately June 7, 2004, Petitioner filed a petition for post-conviction relief in the Law Division, claiming violation of Article III of the Interstate Agreement on Detainers Act, and that counsel was constitutionally ineffective on several grounds, including failure to raise the IADA claim in open court at the time the prosecutor requested a continuance beyond 180 days. On December 16, 2005, the Law Division denied post-conviction relief without an evidentiary hearing and Petitioner appealed. On January 26, 2007, the Appellate Division affirmed the denial of post-conviction relief. See State v. Parks, Docket No. A-2664-05T2 slip op. (N.J. Super. Ct., App. Div., Jan. 26, 2007). On November 20, 2007, the New Jersey Supreme Court denied certification. See State v. Parks, 193 N.J. 223 (2007) (table).

Petitioner executed the § 2254 Petition presently before this Court on May 5, 2008; the Clerk received it on May 12, 2008. The Petition challenges raises the following grounds:

> Ground One: CONVICTION OBTAINED BY THE USE OF AN INDICTMENT IN VIOLATION OF THE INTERSTATE AGREEMENT ON DETAINERS.
>
> Ground Two: DENIAL OF RIGHT TO SELF-REPRESENTATION.
>
> Ground Three: DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL (TRIAL COUNSEL).
>
> Ground Four: DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL (APPELLATE COUNSEL).

(Pet., ¶¶ 12.A., 12.B., 12.C., 12.D.)

Respondents filed an Answer, arguing that the Petition should be denied on the merits. Petitioner filed a Reply in response to the Answer. By Order entered October 5, 2009, this Court

directed Respondents to file a supplemental answer indicating the sentence imposed after the

New Jersey Supreme Court vacated the sentence and remanded for resentencing on October 25,

2007, and a supplemental record containing the final judgment and the transcript of resentencing.

Respondents thereafter filed a Supplemental Answer [docket entry #16] stating that no final

judgment of conviction and sentence has been entered.

## II.  DISCUSSION

A. Jurisdiction

Section 2254(a) of Title 28 of the United States Code gives the court jurisdiction to

entertain a habeas petition as follows:

> [A] district court shall entertain an application for a writ of habeas
> corpus in behalf of a person in custody pursuant to the judgment of
> a State court only on the ground that he is in custody in violation of
> the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

Similarly, 28 U.S.C. § 2241 provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless
> – . . . He is in custody in violation of the Constitution or laws or
> treaties of the United States.

28 U.S.C. § 2241(c)(3).

To invoke habeas corpus review by a federal court under either of the above statutes, the

petitioner must satisfy two jurisdictional requirements:  the status requirement that the person be

"in custody," and the substance requirement that the petition challenge the legality of that

custody on the ground that it is in violation of the Constitution or laws or treaties of the United

States.  See Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz,

Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).  The Supreme Court has

"interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng, 490 U.S. at 490-91; see also Spencer v. Kemna, 523 U.S. 1, 7 (1998); Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004). The threshold question in this case is whether Petitioner satisfies the "in custody" requirement under § 2254(a) with respect to the Union County verdict where he was in federal custody serving a federal sentence when he filed the Petition and no judgment of conviction or sentence existed when Petitioner filed the Petition (or exists today).

A district court has jurisdiction under § 2254 to entertain a habeas petition attacking a future sentence of imprisonment imposed by the same sovereign that will not begin until completion of a current sentence. See Peyton v. Rowe, 391 U.S. 54 (1968). In Peyton, the Court held that a prisoner is "in custody" on a consecutive sentence he is scheduled to serve in the future because "a prisoner serving consecutive sentences is 'in custody' under any one of them" for purposes of the habeas statute. Peyton, 391 U.S. at 67. In Maleng v. Cook, 490 U.S. 488 (1989), the Supreme Court held that a § 2254 petitioner could challenge sentences imposed upon him by the State of Washington, even though he was in federal prison serving a federal sentence, because Washington State had lodged a detainer seeking future custody upon completion of the federal sentence. The Court reasoned:

> While in this case respondent is serving a federal sentence, rather
> than another sentence imposed by the State of Washington, we do
> not think this factual difference from Peyton v. Rowe requires a
> different result. The State of Washington has placed a detainer with
> the federal authorities to ensure that at the conclusion of
> respondent's federal sentence, he will be returned to the state
> authorities to begin serving his 1978 state sentences. In Braden v.
> 30th Judicial Circuit Court of Ky., supra, we held that a prisoner
> serving a sentence in Alabama, who was subject to a detainer filed
> with his Alabama jailers by Kentucky officials, was "in custody"

6

for the purpose of a habeas attack on the outstanding Kentucky charge upon which the detainer rested. We think that <u>Braden</u> and <u>Peyton</u> together require the conclusion that respondent in this case was "in custody" under his 1978 state sentences at the time he filed.

<u>Maleng</u>, 490 U.S. at 493.

This Court has no jurisdiction under § 2254 to entertain Petitioner's claims because, in the absence of a judgment imposing a term of incarceration to be served upon completion of Petitioner's federal sentence, Petitioner is not "in custody pursuant to the judgment of a State Court," as required by § 2254(a). <u>See</u> 28 U.S.C. § 2254(a). Jurisdiction to issue a writ of habeas corpus before a judgment of conviction is rendered in the Union County criminal proceeding may lie under 28 U.S.C. § 2241(c)(3), provided Petitioner were able to satisfy the "in custody" requirement under § 2241(c)(3) by demonstrating that Union County had lodged a detainer seeking future custody at the time of the filing of this Petition. <u>See Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484 (1973).[4] However, if this Court were to entertain Petitioner's claims (challenging the Union County judgment which has not been entered) under § 2241(c)(3), then this would open the door to the evasion of the procedural requirements the Anti-Terrorism and Effective Death Penalty Act imposes on petitioners challenging state judgments.

Given the absence of jurisdiction under § 2254 and the issues that would be created by entertaining Petitioner's claims under § 2241 (provided Union County lodged a detainer), this Court will dismiss the Petition as premature. <u>See United States v. Colburn</u>, 2009 WL 2965191

---

[4] The Supreme Court held in <u>Braden</u> that an Alabama prisoner who filed a § 2241 petition in the Western District of Kentucky challenging the validity of a Kentucky indictment was "in custody" to challenge the indictment, where Kentucky had lodged an interstate detainer. "Since the Alabama warden acts here as the agent of the Commonwealth of Kentucky in holding the petitioner pursuant to the Kentucky detainer, we have no difficulty concluding that petitioner is 'in custody' for purposes of 28 U.S.C. § 2241(c)(3)." <u>Braden</u>, 410 U.S. at 489 n.4.

7

(3d Cir. Sept. 17, 2009) (affirming district court's dismissal of motion, whether filed pursuant to

§ 2255 or § 2241, challenging a federal conviction as premature, where petitioner filed motion

while awaiting federal sentencing).  The dismissal is without prejudice to the filing of a new §

2254 petition challenging the Union County judgment and sentence within one year of "the date

on which the judgment bec[omes] final by the conclusion of direct review or the expiration of the

time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[5]

B.  Certificate of Appealability

        This Court denies a certificate of appealability because Petitioner has not made "a

substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).  See

Miller-El v. Cockrell, 537 U.S. 322 (2003).

### IV.  CONCLUSION

        Based on the foregoing, the Court dismisses the Petition without prejudice as premature

and denies a certificate of appealability.


**DENNIS M. CAVANAUGH, U.S.D.J.**


Dated: _____, 2009

---

        [5] Since the one-year statute of limitations imposed by 28 U.S.C. § 2244(d)(1)(A) has not
yet started to run, and this Court is not dismissing the Petition on the merits, the dismissal of the
instant Petition as premature will not prejudice Petitioner with respect to the statute of
limitations, see 28 U.S.C. § 2244(d)(1), or the second or successive petition bar, see 28 U.S.C. §
2244(b); Burton v. Stewart, 549 U.S. 147 (2007) (a new application for habeas corpus relief is
successive and may not be entertained by a district court, absent authorization from the circuit,
where a petitioner "twice brought claims contesting the same custody imposed by the same
judgment," id. at 153, and the first petition was adjudicated on the merits, id. at 155).